STATE OF LOUISIANA                \*        NO. 2023-K-0534

VERSUS                        \*

                                   COURT OF APPEAL

COREY MORGAN           \*

                                   FOURTH CIRCUIT

                        \*

                                   STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 20-03840, DIVISION "B"
Honorable Jeanne Nunez Juneau, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*
(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

Perry M. Nicosia
DISTRICT ATTORNEY
David Weilbaecher, Jr.
Assistant District Attorney
ST. BERNARD PARISH DISTRICT ATTORNEY'S OFFICE
34th Judicial District Court
1101 W. St. Bernard Highway
Chalmette, Louisiana 70044

      COUNSEL FOR RESPONDENT / STATE OF LOUISIANA

Lorna P. Turnage
PUBLIC DEFENDER'S OFFICE
2118 Jackson Blvd., Suite B
Chalmette, Louisiana 70043

Remy Voison Starns
STATE PUBLIC DEFENDER
301 Main Street, Suite 700
Baton Rouge, Louisiana 70825

Brenita Softley
CAPITAL APPEALS PROJECT
1024 Elysian Fields Ave.
New Orleans, Louisiana 70117

COUNSEL FOR RELATOR / DEFENDANT

**WRIT GRANTED; REVERSED**

**OCTOBER 6, 2023**

Defendant, Corey Morgan, seeks review of the district court's June 20, 2023 ruling that granted the State's motion in limine to admit 911 calls. In this writ, defendant challenges only the admission of the third 911 call from a neighbor, on the basis that the call contains testimonial statements and inadmissible hearsay. Upon review of the 911 call, and in light of applicable law and jurisprudence, we find that the 911 call contains inadmissible hearsay statements and that the district court abused its discretion in granting the State's motion in limine to admit that particular 911 call. Therefore, we grant defendant's writ and reverse, in part, the district court's ruling, only as to the admission of that third 911 call.

### STATEMENT OF THE CASE AND FACTS

On January 20, 2021, defendant was indicted on one count of second degree murder, in violation of La. R.S. 14:30.1. On April 3, 2023, the State filed a motion in limine to admit three 911 calls, averring that they should be admitted into evidence as non-testimonial statements and contain excited utterances or present sense impressions of an ongoing emergency situation. On May 23, 2023, the

1

district court held a hearing at which defendant objected to the admission of the third 911 call, arguing that the statements are testimonial and inadmissible hearsay, because the caller is only repeating things being told to her by another person.

The third 911 call at issue includes the following exchange:

| | |
|---|---|
| Caller: | Hello? |
| 911 Operator: | Hi. Yes, ma'am. This is the sheriff's office. You called 911? |
| Caller: | Yes ma'am. At 1209 Mehle. |
| 911 Operator: | Okay what's going on? |
| Caller: | Bruce is dead on the ground. Him and his nephew was going back and forth. And he shot him. And now, Ms. Yvette. That's her brother. She just told me to call the ambulance cause she's on the phone with her, her family. |
| 911 Operator: | Okay so her brother was shot? |
| Caller: | Yes her son shot her brother. |
| 911 Operator: | Her son shot her brother? |
| Caller: | She said they were fussing. Yeah. That's when her older brother. His name is Bruce. Her son's name is Corey. She said they got into it and uh, um. She was yelling at him telling him "No Corey. No Corey." And he, he shot him. She screaming out here saying he dead he dead. So I don't know. But, she said they were fussing about something and. |
| 911 Operator: | Okay, do you know where Corey's at right now? |
| Caller: | Ma'am? |
| 911 Operator: | Do you know where Corey is right now? |
| Caller: | No, but I sure hope he don't come out here. |
| 911 Operator: | Does he drive a vehicle at all? |
| Caller: | No |
| 911 Operator: | No. Did you see what he was wearing when he left? |
| Caller: | No, I wasn't outside. |
| 911 Operator: | Okay. All right, we do have units on the way to y'all, okay? |
| Caller: | Yeah they're right here. Thank you. |
| 911 Operator: | You're welcome. |

At the conclusion of the hearing, the district court took the matter under advisement and issued a judgment on June 20, 2023, granting the State's motion in limine. In its reasons for judgment, the district court discussed its findings as to all three 911 calls, finding them nontestimonial, "consistent with the callers' present sense impressions" and "contain excited utterances." As to the third 911 call, at issue in this writ, the district court found that the caller "described the shooting incident as it occurred or immediately thereafter." The district court concluded that the statements were not excluded by the hearsay rule and granted the admission of all 911 calls.

Defendant timely sought review of the district court's ruling.

## DISCUSSION

Defendant argues that the district court abused its discretion by granting the State's motion in limine, specifically in admitting the third 911 call, because it contains an inadmissible testimonial statement that does not fall under any exception to the hearsay rule.

We review the district court's ruling as to the admissibility of evidence under an abuse of discretion standard. *State v. D.D.*, 18-0891, p. 36 (La. App. 4 Cir. 12/27/19), 288 So.3d 808, 838.

First, defendant argues that the 911 call should not be admitted because the substance of the call is testimonial in nature, and the admission of the statements would violate his right to confront the witness against him. "The Sixth Amendment to the United States Constitution and Article I, § 16 of the Louisiana Constitution

3

guarantee an accused in a criminal prosecution the right to confront witnesses against him." *State v. White*, 14-0397, p. 25 (La. App. 4 Cir. 7/29/15), 174 So.3d 177, 193. Therefore, an out-of-court "testimonial" statement against a criminal defendant is inadmissible unless the declarant is unavailable and the defendant has had the opportunity to cross-examine the declarant. *Id*.; *see Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); *Davis v. Washington* , 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed. 2d 224 (2006). Although the term "testimonial" has not been expressly defined by statute or jurisprudence, our Court discussed the "three formulations of the 'core class' of 'testimonial' statements" as enumerated by the United States Supreme Court as follows:

> [i] '*ex parte* in-court testimony or its functional equivalent-that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially,' …
> [ii] 'extrajudicial statement … contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions,' … [and]
> [iii] 'statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'

*State v. Legendre*, 05-1469, p. 8 (La. App. 4 Cir. 9/27/06), 942 So.2d 45, 51 (quoting *Crawford*, 541 U.S. at 51-52, 124 S.Ct. at 1364).

By contrast, "[a]n out-of-court statement is nontestimonial and not subject to the Confrontation Clause if it '…was made…under circumstances objectively indicating that the primary purpose …[was] to enable police assistance to meet an ongoing emergency.'" *State v. Everett*, 11-0714, p. 28 (La. App. 4 Cir. 6/13/12), 96 So.3d 605, 626 (quoting *Davis*, 547 U.S. at 822, 126 S.Ct. 2266). In *Davis*, the

4

United States Supreme Court found certain 911 recordings to be nontestimonial in nature, and therefore admissible, reasoning that "[a] 911 call, … at least the initial interrogation conducted in connection with a 911 call, is ordinarily not designed primarily to 'establis[h] or prove[e]' some past fact, but to describe current circumstances requiring police assistance." *Davis*, 547 U.S. at 826, 126 S.Ct. at 2276.

In consideration of the foregoing, and based on our review of the 911 call at issue, we find the statements nontestimonial in nature. However, as recognized by this Court in *State v. Falkins*, 12-1654, p. 15 (La. App. 4 Cir. 7/23/14), 146 So.3d 838, 849, "although the [U.S.] Supreme Court concluded that statements given to assist police with an ongoing emergency were non-testimonial statements that did not violate the Confrontation Clause, it also explained that such a finding does not automatically made a statement admissible under state laws governing the admissibility of hearsay evidence." (citing *Michigan v. Bryant*, 562 U.S. 344, 358-359, 131 S.Ct. 1143, 1155-56, 179 L.Ed.2d 93 (2011)).

Defendant next argues that the 911 call is inadmissible because the statements do not properly fall under any exception to the hearsay rule. Hearsay is defined an oral or written assertion, other than one made by the declarant while testifying at trial or a hearing, offered in evidence to prove the truth of the matter asserted. La. C.E. art. 801(A)(1), (C). Hearsay evidence is not admissible except as otherwise provided by the Code of Evidence or other legislation. La. C.E. art. 802. "Hearsay evidence is excluded because the value of the statement rests on the

credibility of the out-of-court asserter who is not subject to cross-examination and other safeguards of reliability." *Legendre*, 05-1496, p. 7, 942 So.2d at 50 (citing *State v. Everidge*, 96-2665, p. 7 (La. 12/2/97), 702 So.2d 680, 685). However, La. C.E. art. 803 provides certain exceptions to the hearsay rule, even though the declarant is available as a witness, including "present sense impression" and "excited utterance." In this case, the district court's reasons for judgment find the 911 calls "consistent with the callers' present sense impressions" and "contain excited utterances."

A "[p]resent sense impression" is defined as a "statement describing or explaining an event or condition made while the declarant is perceiving the event or condition, or immediately thereafter." La. C.E. art. 803(1). Thus, the declarant has perceived the event first-hand. "In determining whether a statement qualifies as a present sense impression exception to the hearsay rule, the critical factor is whether the statement was made while the declarant was perceiving the event or immediately thereafter." *State v. Francois*, 13-616, p. 20 (La. App. 5 Cir. 1/31/14), 134 So.3d 42, 56.

In this case, the 911 caller did not witness or perceive the events as they occurred; the caller was recounting what was told to her by "Ms. Yvette", who had "told me to call the ambulance." When asked by the 911 dispatcher if she saw what the alleged shooter was wearing when he left the scene, she stated "[n]o, I wasn't outside", confirming that the caller did not witness what occurred. The event described by the caller was not one that she perceived; the caller described

what was told to her after the event occurred. Therefore, we find that the statements do not fall under the present sense impression exception to the hearsay rule.

In addition, we do not find that the statements made on that 911 call fall under the "[e]xcited utterance" exception, which is defined as a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." La. C.E. art. 803(2). As this Court found in *Falkins*, we find the record reflects that the caller "did not observe the incident as it was happening and only called 911 to report what she had been told" and that the caller was "able to calmly report what had been told to her and request immediate assistance, suggesting that her normal reflective thought process had not been rendered inoperative because of the situation." 12-1654, p. 18, 146 So.3d at 850.

Upon review of this record, in light of the applicable law and jurisprudence, we find that neither the present sense impression nor excited utterance exception to the hearsay rule properly applies to the statements made in the third 911 call, at issue in this writ. Thus, we find the district court abused its discretion in granting the State's motion in limine to admit the third 911 call.

## CONCLUSION

For the foregoing reasons, we grant defendant's writ and reverse, in part, the district court's June 20, 2023 judgment to the extent it allows for the admission of the third 911 call at issue in this writ.

**WRIT GRANTED; REVERSED**

7